**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PUTNAM LEASING COMPANY I, LLC,

                              Plaintiffs

          -against-

AARON P. BRENTZEL,

                             Defendant.
-----------------------------------------------------------------X

**ORDER**

CV 19-2529 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This breach of contract action involving an automobile lease was referred to the EDNY Arbitration Program on May 15, 2019. *See* May 15, 2019 Electronic Order. When the parties appeared before Judge Feuerstein on June 20, 2019, the Judge referred outstanding discovery to this Court. *See* DE 16.

      During the Discovery Conference on July 11, 2019, this Court directed that, in preparation for the arbitration, Plaintiff's counsel was to provide the Court with a list of the specific discovery Plaintiff is seeking and to do so by July 15, 2019. *See* July 11, 2019 Minute Order at DE 17. The Court further directed that the submission "is limited to three pages, and should list the particularized discovery items, along with a brief discussion of why such discovery is necessary." *Id.* Defendant's counsel was given three business days to file any opposition to the items listed by the Plaintiff. *Id.*

**I.**      **THE PARTIES' SUBMISSIONS**

      In compliance with the Court's Order, Plaintiff filed a letter on July 15, 2019 in which counsel spent the first page discussing the facts as Plaintiff sees them, followed by ten (10) bullet

points designating the discovery Plaintiff is seeking. *See* DE 18. However, Plaintiff did not identify for each item the particularized need for that specific information. Instead, Plaintiff simply contends that the discovery is needed because of "the numerous affirmative defenses asserted by the Defendant. . ." *Id*. Significantly, Plaintiff added that "Putnam believes there is substantially more to the story as it relates to the affirmative defenses." *Id*. This latter statement is little more than speculation regarding the affirmative defenses, unsupported by any good-faith factual basis for some of the discovery requested. Plaintiff's bullet-point list appears as follows:

- Lease agreement, riders, addendums, and other documents which were signed at lease inception
- Documents concerning all payments made by Defendant to Putnam or any designee under the Lease
- Documents concerning requests for a payoff figure related to the Lease/the Vehicle
- Payoff letters related to the Lease/the Vehicle
- Communications between Putnam and Brentzel related to the lease transaction and/or the sale of the Vehicle to any Person
- Communications between Brentzel and Homstad related to the lease transaction and/or the sale of the Vehicle to any Person
- Communications between Brentzel and NAG related to the lease transaction and/or the sale of the Vehicle to any Person
- Communications between Brentzel and any other Person (other than any communication protected by attorney-client privilege) related to the lease transaction and/or the sale of the Vehicle to any Person
- Documents concerning moneys received by Brentzel from NAG or any other Person related to the sale of the Vehicle, whether or not such sums of money were retained by Brentzel
- Documents concerning the affirmative defenses of waiver, estoppel, payment, accord and satisfaction, novation, doctrine of tender, and ratification.

Plaintiff's counsel also requests that "all communications and documents be produced in native format, with accompanying text load files, and inclusive of all associated metadata." *Id.*

In response, Defendant's counsel states that Plaintiff has not served discovery requests in this case so that no such demands have been discussed between counsel.[1]  Counsel asserts that the Defendant "has not had the appropriate opportunity to evaluate Plaintiff's discovery requests."  DE 19.  Counsel goes on to claim that "these items should be requested upon Request for Production pursuant [to] Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant should be allowed to time to respond to the same."  The Court finds these statements disingenuous given the Court's directives to both sides at the July 11, 2019 Conference, as well as the fact that this discovery is related to an arbitration.  Defendant's counsel also claims that Plaintiff's letter motion "contains factual allegations that are not in the pleadings, and are alleged in the Letter for the first time," and that the Defendant "has not had the opportunity to respond."  *Id.*  On this basis, counsel asserts that the Defendant will be seeking to amend its Answer to add counterclaims and to join third parties."  *Id.*  The Court points out that these statements go to the merits of the pleadings and have nothing to do with the motion for arbitration-related discovery.  Consequently, the Court does not intend to address them here.

Defendant's counsel opposes Plaintiff's demand for metadata connected with the production of ESI, maintaining that such production is both irrelevant to the breach of contract claim and disproportional to the needs of the case.  Apparently, Defendant's counsel suggested some language for an ESI agreement, but counsel states that Plaintiff never responded to that

---

[1] The Court points out that Defendant's submission is in a font smaller than the 12-point type acceptable in this Circuit.  The letterhead has been removed and the footnotes are in unacceptable miniscript.  Presumably, this action was taken in order to comply with the Court's three-page limitation on letter motions/opposition.  Counsel is on notice that any future filings made in this manner will be rejected and the Court will take appropriate action to address the circumstances.

gesture. Defendant's counsel also notes that Plaintiff has not served any discovery requests, and has ignored the request served on him by Defendant's counsel on June 5, 2019. *Id.*

The day after Defendant filed his opposition in DE 19, Plaintiff filed a letter to the Court dated July 18, 2019 stating that Plaintiff had served its responses to the Defendant's First Set of Interrogatories and First Request For Production of Documents, together with Plaintiff's Privilege Log, by Federal Express that same day. See DE 20.

## II. ACTIVITY SINCE THE REQUESTED DISCOVERY "LIST" WAS FILED

On August 6, 2019, the ADR Coordinator requested a status report from both counsel regarding the selection of an arbitrator. DE 21. Defendant's counsel responded on August 7, 2019 that the parties had not made a selection and that the Defendant intended to seek the Court's permission to be relieved from the mandatory arbitration. DE 22. A week later, Defendant's counsel filed a letter motion seeking that relief, but incorrectly directed the application to this Court. DE 23. Counsel was advised that he needed to make the application before Judge Feuerstein and he did so on August 15, 2019. *See* DE 24. Defendant's counsel primarily argued that legal issues in this case predominate over factual issues and, thus, this case is not suitable for arbitration because the objectives of arbitration would not be realized." *Id.* That same day, Plaintiff's counsel filed opposition, arguing primarily that (1) Defendant's request for exemption from arbitration was untimely and (2) the "compulsory court-annexed arbitration program was designed and intended for cases exactly like the one before this Court." DE 25.

On August 22, 2019,[2] the parties filed a "Stipulation For Selection of Arbitrator." DE 26. Judge Feuerstein denied the motion for exemption from the EDNY arbitration program by Electronic Order dated August 23, 2019. That same day, Judge Feuerstein "so ordered" the parties' "Stipulation For Selection of Arbitrator." DE 27. However, counsel had never spoken with Arbitrator Garay before submitting the Stipulation. It appears that Ms. Garay contacted the parties on September 16, 2019 informing them that she had received the ECF bounce but she had never spoken to counsel and she was not available on the date selected. *See* DE 29. ADR Administrator Rita Credle contacted the parties the next day, September 17, 2019, and advised that Arbitrator Garay had "withdrawn from this case as Arbitrator due to a number of errors regarding her selection and her unavailability." *Id*. This was not the first time the parties did not comply with the EDNY Arbitration protocol and procedures. Administrator Credle directed counsel to select another arbitrator from the panel, follow the instructions she provided, and submit the Stipulation for Selection of Arbitrator to her attention on or before September 20, 2019. *Id*. She also advised that the hearing was being rescheduled to a date ranging from October 28, 2019 through November 1, 2019. *Id.* Notwithstanding the communication from Ms. Credle, it appears that the parties have not gotten back to her. Nor has any Stipulation regarding the selection of another arbitrator been filed.

---

[2] The Stipulation appears to be erroneously dated August 27, 2019 notwithstanding the fact that the docket shows it was filed on August 22, 2019.

## III. DISCUSSION

### A. Applicable Principles

The Court points out the pertinent sections of the Local Rule governing arbitration proceedings in the Eastern District of New York as the Rule applies to these circumstances:

**Local Civil Rule 83.7. Court-Annexed Arbitration (Eastern District Only) [formerly Local Civil Rule 83.10]**

\* \* \*

(d) Civil Cases Eligible for Compulsory Arbitration.

(1) The Clerk of Court shall, as to all cases filed after January 1, 1986, designate and process for compulsory arbitration all civil cases wherein money damages only are being sought in an amount not in excess of $150,000.00 exclusive of interest and costs.

\* \* \*

(e) Referral to Arbitration.

(1) After an answer is filed in a case determined eligible for arbitration, the arbitration clerk shall send a notice to counsel setting forth the date and time for the arbitration hearing. The date of the arbitration hearing set forth in the notice *shall be approximately four months but in no event later than 120 days from the date the answer was filed* . . . The 120-day and 30-day periods specified in the preceding sentence may be modified by the court for good cause shown. The notice shall also advise counsel that they may agree to an earlier date for the arbitration hearing provided the arbitration clerk is notified with 30 days of the date of the notice. The notice shall also advise counsel that they have *90 days to complete discovery unless the Judge to whom the case has been assigned orders a shorter or longer period for discovery.* . . .

\* \* \*

(4) Rule 45 of the Federal Rules of Civil Procedure shall apply to subpoenas for attendance of witnesses and the production of documentary evidence at an arbitration hearing under this Rule.

Testimony at an arbitration hearing shall be under oath or affirmation.

Local Rule 83.7 (emphasis supplied).

With respect to the subject matter of a dispute to be arbitrated, discovery "should be denied in the absence of extraordinary circumstances." *McIntire v. China MediaExpress Holdings, Inc.*, 252 F. Supp. 3d 328, 330-31 (S.D.N.Y. 2017); *see Hughes, Hooker & Co. & Hughes, Hooker (Correspondents) S.A. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, No. 04 CIV. 1859, 2005 WL 1384055, at *7 (S.D.N.Y. June 9, 2005) (denying request for discovery where Plaintiff had not demonstrated the sort of extraordinary circumstances which would warrant discovery prior to arbitration); *Gingras v Rosette,* 5:15-CV-101, 2016 WL 4442792, at *8 (D. Vt. Aug. 22, 2016) (where discovery was intertwined with the subject matter of the dispute to be arbitrated, court found no basis for concluding that exigent or extraordinary circumstances were present).

### B. The Instant Motion

This case, which was removed from New York State Supreme Court, Nassau County, arises out of a lease agreement between Plaintiff, a company which leases luxury automobiles, and Defendant who leased a 2017 Lamborghini LP 750 SV from the Plaintiff. The Complaint asserts causes of action for breach of contract, conversion, and unjust enrichment. *See* Complaint [DE 1-2] ¶¶ 1-16.

Once Judge Feuerstein referred discovery to the undersigned, this Court reached out to the parties and held a Conference on July 11, 2019. At that time, it became clear that counsel were looking to conduct some discovery but were unable to agree on the scope and nature of that discovery. *See* DE 17. Keeping in mind that such discovery was in preparation for arbitration , as well as the time limitations provided in Local Rule 83.7, the Court, in its discretion, dispensed

7

with formal service of discovery demands and responses. Instead, the Court issued the following directives:

> by the close of business on July 15, 2019 [Plaintiff is]to provide the Court with a list of the specific discovery Plaintiff is seeking prior to the arbitration. The submission is limited to three pages, and should list the particularized discovery items, along with a brief discussion of why such discovery is necessary. Defendant's counsel will be permitted to respond and oppose any item listed in Plaintiff's filing. The opposition may not exceed three pages and counsel is further expected to state the particularized discovery items which Defendant is seeking.

DE 17, ¶ 2. The submissions made by both sides thereafter lack any supporting case law which goes to the heart of the discovery requested here. Instead, the few citations in Defendant's letter opposition go to certain general discovery principles.

"As a general rule, the discovery provisions of the Federal Rules of Civil Procedure are not available as an incident to an arbitration proceeding." *Oriental Commercial & Shipping Co., Ltd. v. Rosseel, N.V.*, 125 F.R.D. 398, 400-01 (S.D.N.Y. 1989) (citing *Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., Inc.*, 20 F.R.D. 359 (S.D.N.Y.1957)); *Koch Fuel Intern. Inc. v. M/V S. Star*, 118 F.R.D. 318, 320-21 (E.D.N.Y. 1987) ("The Court is also aware that arbitration should not generally be encumbered by protracted discovery or other procedural mechanisms.").

However, as noted previously, courts have permitted discovery "in aid of arbitration" where a movant can demonstrate "extraordinary circumstances." *McIntire*, 252 F. Supp. 3d at 330. "The test for extraordinary circumstances is 'necessity rather than convenience.'" *Id.* (quoting *Oriental Commercial & Shipping Co. v. Rosseel, N.V.*, 125 F.R.D. 398, 400 (S.D.N.Y. 1989). "The term 'exceptional circumstances' addresses situations where a party's ability to

properly present its case to the arbitrators will be irreparably harmed absent court ordered discovery." *Rosseel,* 125 F.R.D. at 401. One often cited example of extraordinary circumstances is *Bergen Shipping Co., Ltd. v. Japan Marine Services, Ltd.*, 386 F.Supp. 430, 435 n. 8 (S.D.N.Y.1974). There, the court found that the allegations that the crew, some of whom were witnesses in the case, were "about to leave the United States and be reassigned to vessels in international commerce were sufficient to meet the test of necessity." *Id*. That is not the case here.

Nor is this the first case in which a party has argued that an arbitration should be conditioned on the other side complying with certain discovery demands. *Duchess Shipping Co., Ltd. v. Sun Oil Trading Ltd.*, 84 Civ. 7247, 1985 WL 5122, at *1-2 (S.D.N.Y. Dec. 17, 1985) (declining to impose discovery condition before arbitration which is a process designed to simplify the resolution of disputes). Although this case does not fall into the "exceptional circumstances" category, allowing some *limited* discovery of the categories listed by the Plaintiff would, in this Court's view, be an aid to the ultimate arbitration proceedings. For this reason, the Court will require the Defendant to turn over the following limited information to Plaintiff:

1. The original lease agreement executed by the parties, along with any riders or addenda.

2. Documents showing all of Defendant's payments to Putnam or any designee under the lease.

3. Payoff letters concerning the lease/vehicle.

4. Documents (including communications by email or otherwise) between Brentzel and Putnam regarding the lease and/or sale of the vehicle to any person.

5. Documents (including communications by email or otherwise) between Brentzel and Homstad regarding the lease and/or sale of the vehicle to any person.

> 6. Documents showing moneys received by Brentzel from NAG or any other person for the sale of the vehicle.

The Court declines to order Defendant to produce documents in native format and declines to order production of metadata, finding the request both disproportional and out of sync with the goals of arbitration. Defendant shall produce the foregoing paper discovery within five (5) days of this Order and this deadline will not be extended. The representation has been made to the Court that Plaintiff responded to Defendant's discovery demands so the Court will not be taking further action in that regard.

This is the extent of the Court's involvement in pre-arbitration discovery. The Court does not intend to get involved in any further disputes over discovery produced preliminary to the arbitration. To the extent any party claims that further information is necessary, that issue can be taken care of in the arbitration. *See Duchess Shipping*, 1985 WL 5122, at *2.

Finally, the Court notes that no litigant gets to design an arbitration according to his/her own protocol and schedule. The Court will not accept deviations from the guidelines governing Arbitration because a party decides it does not want to participate or simply wants to delay the proceedings. Any further departures from the Court authorized EDNY arbitration rules and procedures will result in appropriate action by the Court. Counsel shall take the necessary steps with ADR Administrator Credle to schedule this matter expeditiously so that the arbitration hearing is completed during the month of November 2019. This deadline will not be adjourned. Counsel shall take whatever steps are necessary to adjust their schedules to accommodate this proceeding in conjunction with the arbitrator.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge